[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15451
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:09-cr-00245-MSS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 8, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

In January 2009, Paul Jenkins was sentenced in the Eastern District of New York to 30 months' imprisonment followed by five years of supervised release. He was released from prison on September 17, 2009, and on December 1, 2009, jurisdiction of his supervised release was transferred to the Middle District of Florida.

Jenkins was arrested on May 20, 2010 for violations of the conditions of his supervised release. He admitted to five Grade C violations, including the use of controlled substances and failure to submit to urinalysis. At the ensuing revocation hearing, the district court found that Jenkins had indeed violated his supervised release and revoked it. Then, determining that his Guidelines sentence range called for 6 to 12 months' confinement, it sentenced him to prison for 10 months to be followed by two years of supervised release.

Jenkins now appeals, arguing that his sentence is procedurally unreasonable because the district court (1) did not explain why it rejected his request for a lower sentence and (2) failed to consider his argument in mitigation. He also argues that his sentence is substantively unreasonable, in part because the district court almost exclusively relied upon his criminal history in fashioning the sentence.

We review a sentence imposed upon revocation of supervised release for procedural and substantive reasonableness under an abuse of discretion standard.

2

*United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010). The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes, and provide needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines sentence range, pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution. 18 U.S.C. § 3553(a)(1), (3)-(7).

A sentence may be procedurally unreasonable if the district court fails to consider the § 3553(a) purposes or adequately explain why it imposed the chosen sentence. *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008). The court must set forth enough to satisfy us that it considered the parties' arguments and had a reasoned basis for exercising its legal authority, but a lengthy explanation of its sentence is not necessarily required where the court adheres to the Guidelines. *United States v. Agbai*, 497 F.3d 1226, 1229-30 (11th Cir. 2007).

3

Finally, it is not necessary that the court state on the record that it has explicitly considered each of the § 3553(a) purposes, or to discuss each of them. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). It is sufficient that the court acknowledges that it considered the parties's arguments and the § 3553(a) purposes. *Id*. at 1329-30.

A sentence is substantively unreasonable if, after considering the totality of the facts and circumstances, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) purposes so that the sentence falls outside the range of reasonable sentences as dictated by the facts. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (*en banc*), *cert. denied*, (U.S. Apr. 4, 2011) (No. 10-727). Sentences that fall within the applicable Guideline sentence range are ordinarily expected to be reasonable. *U.S. v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Jenkins's sentence is procedurally reasonable. The district court acknowledged Jenkins's argument in mitigation and his allocution, and stated that it had considered the § 3553(a) purposes and the applicable guideline. It explicitly based its sentence on Jenkins's criminal history and his background. Although the district court prompted Jenkins's attorney to conclude her arguments, the record demonstrates that it fully considered the mitigating factors presented. The district

court's explanation of its sentence was sufficient, and it was not required to explain in detail why it rejected Jenkins's request for a lesser sentence.

His sentence is also substantively reasonable. The district court expressed concern regarding Jenkins's criminal history and background. It also heard and considered arguments from Jenkins and his attorney, which implicated several § 3553(a) purposes. Jenkins received a within-Guidelines range sentence, and we ordinarily expect sentences of such a type to be reasonable. Further, his sentence of imprisonment was significantly less than the three-year statutory maximum term that he faced. Considering the totality of the facts and circumstances, Jenkins has not shown that the district court committed a clear error of judgment.

AFFIRMED.